UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MILTON OMAR LOPEZ-PINEDA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No.: 3:26-cv-2374-CAB-AHG<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Doc. No. 4] |

Pending before the Court is Petitioner Milton Omar Lopez-Pineda's Ex Parte Motion for Temporary Restraining Order ("TRO"). [Doc. No. 4.] For the following reasons, the Court **DENIES** the motion.

Petitioner, a native and citizen of Honduras currently detained at the Otay Mesa Detention Center ("OMDC"), filed a petition for a writ of habeas corpus. [Doc. No. 1 ("Petition").] Petitioner alleges that he entered the United States as an unaccompanied minor in 2018, was encountered by immigration authorities and subsequently released, and has lived in the United States since that time. [Petition at 8–9.] Petitioner further alleges that he was detained on February 22, 2026 "during an at-large administrative action in Escondido, California." [*Id.* at 9.] The Court set a briefing schedule on the Petition, which is still in progress. [Doc. No. 2.]

Petitioner has now filed an ex parte motion for TRO because he has an April 28, 2026 deadline to submit his asylum application and "[h]is continued unlawful mandatory detention prevents the adequate preparation of this critical application[.]" [TRO at 2–3.] He asks the Court to stay the April 28, 2026 deadline, stay all removal proceedings against him, and order an individualized bond hearing. [*Id.* at 2.]

Preliminary relief in the form of either a TRO or preliminary injunction is an "extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). Moreover, injunctions and restraining orders are intended to preserve the status quo, not to provide an opportunity for an adjudication on the merits without the benefit of the orderly litigation process. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026) ("The purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits."). Further, Federal Rule of Civil Procedure 65(b) allows a court to issue a TRO without notice to the opposing party "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . [and] the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Here, Petitioner has not met either requirement of Rule 65(b). As to the first, Petitioner claims that "[m]issing the April 28 asylum deadline would result in a permanent loss of Petitioner's statutory right to seek asylum, a catastrophic injury." [TRO at 3.] But the Petition provides no reason why Petitioner, who is represented by counsel, will miss the deadline because of his detention. In the past few months alone, the Court has reviewed numerous habeas petitions from immigration detainees who have completed the asylum process while detained. The Court is also reluctant to weigh the merits of the Petition without the benefit of Respondents' opposition, which is due shortly. As to the second requirement, Petitioner's counsel has not provided any information about efforts made to give notice to Respondents or explained why notice should not be required.

Based on the foregoing, the Court **DENIES** the motion for a TRO.  [Doc. No. 4.] The Court will review the merits of the underlying Petition when briefing is complete.

It is **SO ORDERED.**

Dated:  April 24, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3

26-cv-2374-CAB-AHG